## ROSS *v.* POOR.

*Attachment — Nonresident defendant — Section 11819, General Code — Pleading contract — Defects not cured by affidavit — Conversion of life insurance proceeds.*

1. Where an action is brought against a nonresident and attachment is sought under authority of Section 11819, General Code, the petition should contain averments from which the court could at least infer that the cause of action arose on contract, express or implied.
2. A petition in an action against a nonresident, in which attachment is sought, alleging that plaintiff is entitled to the payment to her of one-half of the proceeds of a life insurance policy, and that defendant collected and appropriated to her own use the portion of said sum coming to the plaintiff, does not state an express or implied contract between the plaintiff and defendant.
3. In such case the fact that the affidavit in attachment states that the action is one founded on contract is not material, since the affidavit will not control contrary to the allegations of the petition.

(Decided February 24, 1920.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Charles A. J. Walker,* for plaintiff in error.
*Mr. Fyffe Chambers,* for defendant in error.

CUSHING, J. In this proceeding it is sought to reverse an order of the court of common pleas sustaining a motion to dissolve an attachment.

The petition in the case stated two causes of action. The first was that plaintiff was the owner and entitled to the immediate possession of a finger ring and a stick pin of the value of $2,500, which the defendant took and carried away and converted

to her own use. This states an action in tort. The second cause of action stated that plaintiff was entitled to the payment to her of one-half of the proceeds of life insurance policy No. 2753, issued by the Modern Woodmen of America, in the sum of $2,000, on the life of Irby Woodson Poor; that the defendant collected and appropriated to her own use the portion of said sum coming to her, $1,000, to her damage in that amount. It does not appear who was the beneficiary under that policy, nor by what authority the defendant collected the money on this policy.

The affidavit for attachment charged that the defendant was a nonresident of Ohio and that the debt or demand arose upon contract. Service of summons was had by publication.

The substance of the motion to discharge the attachment was that the petition did not plead a cause of action under Section 11819, General Code, for an attachment on the ground of nonresidence; that the affidavit could not supply a defect in the petition; and that the defendant was at the time and had been for many years a resident of Hamilton county, Ohio.

It was conceded in argument that the first cause of action was in conversion and did not come within the provisions of the statute, so that it will not be considered.

On the second cause of action plaintiff claims that the proceeds of the insurance policy was money collected on a contract. This was admitted, and as between the insurance company and the beneficiary correctly states the law.

The question here is, What was the relation between the plaintiff and defendant? The allegation of the second cause of action is:

"Plaintiff is entitled to the payment to her of one-half of the proceeds of a life insurance policy * * * the defendant collected and appropriated the portion of said sum coming to this plaintiff * * * to her own use."

The language used does not state an express or implied contract between plaintiff and defendant. There is no allegation as to how or by what authority defendant collected the proceeds of the policy of insurance, and no inference can be drawn that she entered into a contract whereby she agreed to collect the sum and turn over all or any portion of it to the plaintiff. The allegation that she collected and appropriated it to her own use negatives the idea of contract. The language of Section 11819 is:

"An attachment shall not be granted on the ground that the defendant is * * * not a resident of this state, for any claim other than a debt or demand, arising upon contract, judgment or decree."

Shinn on Attachments, Section 16, states the rule to be:

"Courts construe the statutes providing that an attachment may issue in actions 'on contracts' to include only contracts actually made between the parties, or at most only those implied from their dealings."

In the case of *Pope et al.* v. *Hibernia Ins. Co.,* 24 Ohio St., 481, the court in construing the language of the statute, above quoted, distinguishes between contract and a duty to turn over money;

"The cause of action alleged in the petition and affidavit for an attachment * * * was not one 'arising upon contract, judgment or decree,' but was based solely on a breach of duty, without averring that the duty arose by contract."

Counsel for plaintiff concedes that both causes of action are for conversion and urges that the tort may be waived and suit maintained on contract. In support of this contention *Pennsylvania Rd. Co.* v. *Peoples,* 31 Ohio St., 537, is cited. In that case a passenger was injured while traveling on the railroad, through the negligence of the company. He elected to waive the tort and sue on his contract of carriage. The facts in that case established that there was a contract and a tort. So in *Harrison and Wiley* v. *King, Carey & Howe,* 9 Ohio St., 388, it was held that the petition should set forth facts and circumstances relied on to sustain the attachment. From these cases it is evident that the petition should contain some averments from which the court could at least infer that the cause of action arose on contract, express or implied.

The only other contention made by counsel for plaintiff in error is that the affidavit states that the action was one founded on contract; that the affidavit and not the petition is the basis of the right of attachment. He cites and relies on *Martin* v. *Gunnison et al.,* 1 C. C., N. S., 71. At page 72 the court says:

"In our opinion the petition states a good cause of action, and that while defendant was guilty of a wrong in converting to his own use the stock which he had agreed to hold in trust for the plaintiff, still the right of action of plaintiff against the

defendant was founded on the implied promise of the defendant to pay over to plaintiff the stock which he had agreed to hold in trust, and while the action sounds in tort, it rests in contract."

The court further says the action being on contract an attachment was properly issued under the allegations in the attachment proceeding.

This case does not support the contention of counsel for plaintiff in error that the affidavit in attachment controls contrary to the allegations of the petition.

An examination of all the cases cited where the attachment has been sustained discloses that the petition stated an action on contract, express or implied, between plaintiff and defendant.

Counsel for plaintiff in error does not correctly state or interpret the case of *Harrison and Wiley* v. *King, Carey & Howe, supra,* in which the third paragraph of the syllabus is:

"The affidavit and order of attachment constitute no part of the pleadings in the action, and the grounds for an attachment should not be stated in the petition. This rule applies as well in case of an action for a debt not due as in other actions."

Section 11819, General Code, states:

"In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated."

This statute states eleven grounds for attachment. The last paragraph of the act is not a statement of a ground of an attachment, but a limitation on the first and second grounds of attachment stated in the statute. So, when the supreme court

says that the grounds for an attachment should not be stated in the petition, it means one of the eleven specifications of Section 11819, and does not have reference to the cause of action between plaintiff and defendant.

The judgment will be affirmed.

*Judgment affirmed.*

SHOHL, P. J., and HAMILTON, J., concur.